USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-7-11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHOENIX INSURANCE COMPANY a/s/o DENTAL
DESIGN STUDIOS, INC., TRUMBULL INSURANCE
COMPANY a/s/o DENJAN, LLC, and DENISE
ASSOGNA DDS,

               Plaintiffs,

           - against -

APF FIRE PROTECTION, INC.,
THE RELIABLE AUTOMATIC SPRINKLER CO.
INC., and DENJAN, LLC,

             Defendants.

THE RELIABLE AUTOMATIC SPRINKLER CO.
INC.,

           Third-Party Plaintiff,

           - against -

J. WALTER MILLER CO.,

           Third-Party Defendant.

**REPORT AND
RECOMMENDATION**

**08 Civ. 7935 (LBS) (RLE)
08 Civ. 8728 (LBS) (RLE)**

To the HONORABLE LEONARD B. SAND, U.S.D.J.:

## I.  INTRODUCTION

Defendant APF Fire Protection Inc. ("APF") has filed a motion for summary judgment to

dismiss with prejudice Plaintiff Phoenix Insurance Company a/s/o Dental Design Studios Inc.'s

("Phoenix") claims of negligent design, testing and/or installation of the sprinkler system at issue

in this case. APF contends that the claims are barred by the statute of limitations because they

were filed more than three years after APF completed the installation of the system. For the

reasons set forth below, the Court recommends that the motion be **GRANTED.**

## II. BACKGROUND

### A.    Factual Background

The following material facts are undisputed unless otherwise stated.[1] In 2002 or 2003,

Denjam, LLC, was formed by Jim Doyle, a contractor who owned JMD Contracting, and

purchased property at 46 Fox Street Poughkeepsie, New York, for the purpose of developing an

office building. (*See* Mot. for Summ. J., Ex. D ("Doyle Dep.") 7:22 – 8:1.) Phoenix is a first-

party property insurer for Dental Design Studio, Inc. ("Dental Design"), who leased space from

Denjam to operate a dental practice at 46 Fox Street, Suite 3. Phoenix provided coverage to

Dental Design for the business property, building, contents and business losses for any lost

earnings or casualty. (Compl. ¶ 7, 12.)

In 2004, Denjam, through its owner and contractor, Doyle, entered into a contract with

APF to design and install a sprinkler system for the building. (*See* APF's Statement of

Undisputed Facts ("SOF") ¶¶ 8-9.) According to Doyle, the terms of the contract provided that

APF would install the system to protect the building structure for $31,240, and then, as each of

the individual office suites were completed, APF would do drop-downs and work for the

individual suites pursuant to separate contracts. (*Id.* ¶ 8.) The written contract between APF and

Doyle consisted of a single page, whereby APF guaranteed that all materials used in the project

would be as "specified," and stated that the work would be performed in accordance with the

"drawings submitted." (*See* Mot. for Summ. J., Ex. E.)

---

[1] APF submitted a Statement of Undisputed Facts pursuant to Local Rule 56.1 on September 28, 2010. (*See* APF's Statement of Undisputed Facts `("SOF"), Doc. 53.) Under Local Civil Rule 56.1(c), "material facts set forth in the statement required to be served by the moving party will be deemed admitted for purposes of the motion unless specifically controverted." Phoenix did not file a counter statement of facts. Unless otherwise noted, citations to APF's 56.1 statement concern factual assertions that are admitted or deemed admitted because they were not contradicted by citations to admissible evidence. *See Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003).

APF completed its initial installation of the sprinkler system, including the dry system in the attic, on August 31, 2004. (SOF ¶¶ 10-11.) APF completed the sprinkler system for the suite insured by Phoenix in March 2005, when it replaced temporary sprinkler heads with dry heads. (*Id.* ¶¶ 13-14.) A certificate of occupancy was issued for the building in April 2005. (*Id.* ¶ 15.) According to Doyle, every time APF performed work on the building, they provided him with an invoice. (*Id.* ¶ 16.) The last invoice he received for work performed by APF on the building is dated September 7, 2005, and indicates that thirty-six concealed heads and piping were installed in an office suite. (*Id.* ¶ 17.) On December 15, 2005, an unintended discharge of water occurred from the sprinkler system, causing substantial water damage to the office suite that Phoenix insured. (*Id.* ¶ 1.) Phoenix contends that APF was solely responsible for the design, installation, and maintenance of the sprinkler system, from the construction of the building, up to the loss.[2]

**B.    Procedural History**

On September 11, 2008, Phoenix filed a Complaint against Defendants APF, Denjam LLC s/h/a DENJAN LLC, and The Reliable Automatic Sprinkler Company ("Reliable"), seeking to recover $330,000 in damages to its insured property caused by the unintended discharge.[3] Phoenix brought both negligence, breach of contract, and strict product's liability claims against Defendants. Phoenix's negligence claims alleged that the discharge was caused by the APF's negligent design, testing, installation, inspection and maintenance of the sprinkler system. (*See* Compl. ¶ 18.) In its breach of contract claim, Phoenix alleged that APF breached duties and obligations it owed to Phoenix's insured because it failed to properly install, maintain, service and handle the subject sprinkler system. (*See* Compl. ¶¶ 20-22.)

---

[2] The Court notes that there is a factual dispute regarding whether APF was responsible for maintaining the system following its installation. The instant motion, however, only pertains to Phoenix's negligent design, installation, and/or testing claims, so the existence of a maintenance agreement is not relevant to the Court's current inquiry.
[3] Phoenix discontinued its direct claims against Denjam on May 11, 2010. (*See* Stipulation of Dismissal, O8 Civ. 7935, Doc. 45.)

On October 14, 2008, Trumbull Insurance Company a/s/o Denjam, LLC and Denise Assonga DDS's (collectively, "Trumbull") filed suit against Defendants APF and Reliable for a loss arising out of the same incident. Phoenix's action, which bears the Docket Number 08 Civ. 7935, was consolidated for purposes of unified discovery and joint trial with Trumbull's action, which bears the Docket Number 08 Civ. 8728. (*See* January 29, 2009 Stipulation, 08 Civ. 7935, Doc. 23.) Co-Defendants APF, Denjam, and the Reliable all subsequently filed cross-claims against each other, (*see* 08 Civ. 7935, Docs. 6, 8, 16.), and Reliable filed a third-party complaint against J. Walter Miller Company. (*See* 08 Civ. 7935, Doc. 17.)

On May 11, 2010, Phoenix discontinued its direct claims against Denjam. (*See* Stipulation of Dismissal, 08 Civ. 7935, Doc. 45.) On December 22, 2010, Trumbull and Defendants APF and Reliable, agreed to dismiss Trumbull's claims pending in 08 Civ. 8728 with prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure. (*See* December 22, 2009 Stipulation, 08 Civ. 7935, Doc. 23.) Accordingly, Phoenix is the only remaining plaintiff in this action.

## III. DISCUSSION

### A. Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure provides that a court shall grant a motion for summary judgment if it determines that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(C)(2). In making this determination, the court views the record in the light most favorable to the nonmoving party, and "the court's responsibility is not to resolve disputed issues of fact but to assess whether there are factual issues to be tried." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986). An issue of fact is "genuine" if it provides a basis for "a rational trier of fact to

find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The party moving for summary judgment bears the initial burden of demonstrating the absence of any genuine issues of material fact. *See Consarc Corp. v. Marine Midland Bank, N.A.*, 996 F.2d 568 (2d Cir. 1993) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). This burden may be met by demonstrating that there is a lack of evidence to support the nonmoving party's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party satisfies this initial burden, the nonmoving party must offer "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "[T]he mere existence of factual issues – where those issues are not material to the claims before the court – will not suffice to defeat a motion for summary judgment." *Quarks v. Gen. Motors Corp.*, 758 F.2d 839, 840 (2d Cir. 1985). If the nonmoving party fails to respond by "affidavits or as otherwise provided in [Rule 56, and] set forth specific facts showing that there is a genuine issue for trial[,] . . . summary judgment, if appropriate, shall be entered against the adverse party." FED. R. CIV. P. 56(E).

## B. The Issue Before the Court

APF contends that Phoenix's negligent design, testing, and installation claims are barred by the three-year statute of limitations applicable to negligent injury to property claims on the grounds that an owner-plaintiff's cause of action for negligence accrues against a contractor from the time the work is completed. (APF's Mem. of Law in Supp. of Mot. for Summ. J. ("Def.'s Mem.") at 1.) Because there is no evidence that APF did work in any capacity for Denjam after September 7, 2005, until the sprinkler discharge, APF argues that Phoenix's design, testing, and installation claims, which were filed on September 11, 2008, must be dismissed as time-barred.

5

(*Id.*) Phoenix contends that the applicable statute of limitations period for when a contractor can be sued for faulty construction is six years, not three, and that the statute of limitations begins to accrue at the time of the loss, not the time the construction was completed. (*See* Pls.' Joint Mem. of Law in Opp. to Def.'s Mot. for Summ. J. ("Pl.'s Mem.").)

## C. The Statute of Limitations for Defective Construction Claims

### 1. The Statute of Limitations Began to Accrue on September 7, 2005

It is well-settled that "[a]n owner's cause of action against a contractor for defective construction, no matter how the claim is characterized (negligence, breach of contract, or breach of warranty) accrues upon completion of construction." *Regent Ins. Co. v. Storm King Contracting, Inc.*, No. 06 Civ. 2879 (LBS), 2008 WL 563465, at *3 (S.D.N.Y. Feb. 27, 2008) (citing *City School District v. Stubbins & Assocs., Inc.*, 85 N.Y.2d 535, 538 (1995)); *see also Rite Aid of New York, Inc., v. R.A. Real Estate, Inc.*, 40 A.D.3d 474, 474 (1st Dept. 2007) ("A cause of action predicated on defective construction accrues on the date of completion of the actual physical work, even if the claimed defect is latent.") (internal citations omitted); *Heritage Hills Soc., Ltd. v. Heritage Dev. Group, Inc.*, 56 A.D.3d 426, 427 (2nd Dept. 2008) (holding that a faulty construction and design claim accrued upon the date of completion of construction, not when the injury to the property occurred or when the defective condition was discovered); *Town of Islip v. H.T. Schneider Associates*, 73 A.D.3d 1029 (2nd Dept. 2010).

Phoenix's argument that the accrual period for defective construction claims begins on the date of injury to the property – in this case, the date the water damage occurred – has no merit. Although the accrual claim for Phoenix's negligent monitoring and maintenance claims against APF may begin on the date the injury occurred, Phoenix cites no authority for the

proposition that the accrual period for negligent construction claims for injury to property – the claims at issue in APF's motion – accrue at any time other than the completion of construction.

Moreover, *Regent Ins. Co.*, 2008 WL 563465, does not, as Phoenix contends, "stand alone in New York jurisprudential authority for the proposition that a three year limitations rule runs against <u>contractors</u> from the time of completion." (*See* Pl.'s Mem. at 8.) (emphasis in original). New York courts have consistently held that the statute of limitations begins to accrue against contractors for property damages upon completion of performance. *See, e.g., City School District*, 85 N.Y.2d at 538 ("In cases against architects or contractors, the accrual date for Statute of Limitations purposes is completion of performance."); *Cabrini Medical Center v. Desina*, 64 N.Y.2d 1059, 1061 (1985) (noting that a cause of action against a contractor for defects in construction generally accrues upon completion of performance).

Here, the undisputed evidence shows that APF completed installation of the sprinkler system, at the latest, by September 7, 2005. APF has submitted evidence that the installation of the base sprinkler system was completed by August 31, 2004 (SOF ¶¶ 10-11); that the sprinkler head that ultimately discharged was installed in March 2005 (*Id.* ¶¶ 13-14); that a certificate of occupancy was issued for the building in April 2005 (*Id.* ¶ 15); and that the APF's last invoice for work prior to the discharge was on September 7, 2005. (*Id.* ¶ 17). There is no evidence that shows that APF did any work on the system after September 7, 2005, and prior to the discharge on December 15, 2005. Moreover, Phoenix's contention that APF did not substantially complete performance because it failed to meet industry standards regarding the installation of the dry sprinkler system is unsupported by admissible evidence.[4] Accordingly, the Court finds that there

---

[4] Phoenix submitted two unsworn expert reports, without any supporting affidavits, to support the allegation that APF failed to meet industry standards. (*See* Pl.'s Mem., Exs, B, C.) On a motion for summary judgment, a reviewing court may only consider evidence that would be admissible at trial. *See* FED. R. CIV. P. 56(E). The reports constitute

is no genuine issue of material fact that the installation of the sprinkler system was completed, at the latest, on September 7, 2005.

### 2. The Statute of Limitations Period for Recovering Damages in Tort for Negligent Construction Claims is Three Years

In New York, an action for negligent injury to property must generally be brought within three years, N.Y. C.P.L.R. § 214(4), whereas a breach of contract action must be brought within six years. N.Y. C.P.L.R. § 213(2). In the absence of a contractual relationship between the parties regarding the construction, a party asserting a negligent construction claim seeking damages for injury to property must bring their claim within three years of the completion of the work. *Harbour Point Village Homeowners Ass'n v. Marrano/Marc Equity Joint Venture*, 185 A.D.2d 648 (4th Dept. 1992). However, when a negligence claim is brought for defective construction and a contractual relationship exists between the parties, "[i]f the action is brought after the three-year period for negligent injury to property, but within the six-year contract limitations period, the claim is not time-barred but damages are limited to those available in contract." *Royal Ins. Co. of Am.v. Ru-Val Elec. Corp.*, 918 F. Supp. 647, 656 (E.D.N.Y. 1996) (citing *Sears, Roebuck & Co.v. Enco Assocs.,Inc.*, 43 N.Y.2d 389, 396-97 (N.Y. 1977)).

In this case, it is unclear whether Phoenix and APF had a contractual relationship for the design, testing, and installation of the sprinkler system. APF contends that it never entered into a contract with Phoenix. (*See* Def.'s Reply Mem. in Supp. of Mot. for Summ. J. at 3-4.) The contract for the installation of the base system that protected the building was solely between APF and the contractor who owned Denjam.[5] (*See* Mot. for Summ. J., Ex. E.) It also appears that Phoenix's insured, Dental Design, leased its office suite from Denjam, but also entered into an

---

inadmissible hearsay. Therefore, the reports are insufficient to create a genuine issue of material fact regarding whether APF substantially completed installation of the sprinkler system.

[5] The contract for the installation is technically between APF and JMD Construction, but both JMD Construction and Denjam are owned by Jim Doyle, the signatory on the contract with APF. (*See* Doyle Dep., 7:14 – 8:1)

individual contract with APF for work done on the sprinkler system in its particular office suite. (*See* SOF ¶¶ 8, 10; Doyle Dep., 22:26-23:12.) Neither the lease nor any other contract signed by Dental Design has been submitted by either Party, and neither Party has briefed the issue of APF's contractual relationship with Phoenix beyond asserting that such a relationship either existed or did not exist. Based on the evidence currently before the Court, the Court finds that there is a genuine issue of material fact regarding the contractual relationship between APF and Dental Design. Therefore, for purposes of deciding APF's motion, the Court will assume that a contractual relationship for the design, testing and installation of the sprinkler system between APF and Phoenix's insured exists.

Assuming a contractual relationship exists between APF and Phoenix, this case is analogous to *Regent Ins. Co.*, 2008 WL 563465. In that case, Spotted Dog Ventures LLC ("Spotted Dog") retained Storm King Contracting Inc. ("Storm King") to remodel and rebuild an inn. After the inn was completely destroyed by a fire, Spotted Dog sued Storm King for breach of contract. The action was commenced more than three years but less than six years after completion of the construction. Storm King moved for summary judgment, and the court held that Spotted Dog was time-barred from recovering tort damages, and that it was limited to recovering only general contract damages, which were filed within the six-year limitations period for breach of contract actions. *Regent Ins. Co.*, 2008 WL 563465, at *3. Here, Phoenix filed this action against APF on September 11, 2008, slightly more than three years after the latest possible date APF finished construction of the sprinkler system. The Court finds the analysis in *Regent* appropriate and applicable to the instant case, and that Phoenix's claims for tort damages relating to the negligent construction of the sprinkler system are time-barred.

Having determined that Phoenix is time-barred from pursuing tort damages for its negligent construction claims, the Court turns to the question of whether the claims should be dismissed. As a practical matter, however, the disposition of the claims is of little import. When a defective construction claim has its genesis in a contractual relationship, an owner can sue in contract or in tort and the scope of evidence admissible on the issue of liability under either theory is the same. *See Sears, Roebuck & Co.*, 43 N.Y.2d at 396-97. In such actions, a wide-range of proof is admissible to establish the defendant's liability:

> [N]ot only will evidence be admissible, as in the normal contracts case, which might tend to establish breach of a particular term of the contract between the parties; it will also be open to plaintiff owner to introduce evidence, including expert testimony, which might demonstrate that the architects failed to use due and reasonable care in the performance of their obligations under the contract.

*Id.* at 396. Because evidence of a defendant's failure to exercise due care is admissible to establish liability for contract damages in a defective construction action, some courts have allowed negligence claims to proceed even though a plaintiff is time-barred from recovering tort damages. *See Sears, Roebuck & Co.*, 43 N.Y.2d 389. *See also Bank of Nova Scotia v. Structure-Tone, Inc.*, 303 A.D.2d 273 (1st Dept. 2003). For similar reasons, other courts have chosen to dismiss the negligence claims on the grounds that the plaintiff was not entitled to tort damages and evidence of a defendant's failure to exercise due care would be admissible in the breach of contract action to establish liability. *See Brushton-Moira Cent. School Dist. v. Alliance Wall Corp.*, 195 A.D.2d 801, 802 (3d Dept. 1993). *See also Suffolk County Water Authority v. J.D. Posillico, Inc.*, 267 A.D.2d 301 (2nd Dept. 1999) (negligence cause of action dismissed and breach of contract action allowed to proceed when defective construction claim was filed more than three but less than six years after completion of the project).

10

Here, the Court finds that dismissing Phoenix's negligent design, testing and installation claims is the most efficient disposition of this matter. Allowing the negligence claims to proceed serves no clear purpose. The negligence claims are duplicative because they seek the same damages as the breach of contract claim and rely upon the same evidence. Moreover, the evidence admissible at trial will be unaffected by a dismissal because evidence that APF failed to exercise due care in the performance of its contractual obligations will be admissible under Phoenix's breach of contract claim. Accordingly, the Court recommends that Phoenix's claims for negligent design, testing, and installation be **DISMISSED**. Phoenix may, however, attempt to establish APF's liability for contract damages by showing that APF failed to exercise reasonable care in its performance of the contractual obligation it owed to Phoenix regarding the installation of the sprinkler system, assuming, of course, that Phoenix can establish that such a contractual relationship existed.

## VI. CONCLUSION

In conclusion, I recommend that APF's motion for summary judgment be **GRANTED**, and that Phoenix's claims for negligent design, testing and installation be **DISMISSED**. Pursuant to Rule 72, Federal Rules of Civil Procedure, the Parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Leonard B. Sand, 500 Pearl Street, Room 1650, and to the chambers of the undersigned, 500 Pearl Street, Room 1970. Failure to file timely objections shall constitute a waiver of those objects in both the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474

11

U.S. 140, 150 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)

(*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed R. Civ. P. 72 6(a), 6(d).

**Dated: April 7, 2011**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

**Copies of this Report and Recommendation were sent to:**
Counsel for Plaintiff
Robert C. Sheps
35 Pinelawn Road, Suite 106E
Melville, NY 11747

Counsel for Defendant APF
David L. Rosenthal
Lewis Brisbois Bisgaard & Smith, LLP
77 Water Street, 21st Floor
New York, NY 10005

Counsel for Defendant and Third Party Plaintiff Reliable Automatic Sprinkler Company
Brian McElhenny
Goldberg Segalla LLP
200 Old Country Road, Ste. 210
Mineola, NY 11501

Counsel for Third Party Defendant J. Walter Miller Company
Marisa Goetz
Faust, Goetz, Schenker & Blee, LLP
Two Rector Street
New York, NY 10006