UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHOENIX INSURANCE COMPANY a/s/o DENTAL DESIGN STUDIO, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> APF FIRE PROTECTION, INC., *et al.*, <br><br> Defendants. | 08 Civ. 7935 (LBS) (RLE) <br> 08 Civ. 8728 (LBS) (RLE) <br><br> **ORDER** |
| THE RELIABLE AUTOMATIC SPRINKLER CO., INC., <br><br> Third-Party Plaintiff, <br><br> v. <br><br> J. WALTER MILLER CO., <br><br> Third-Party Defendant. | |

SAND, J.

     This matter is before the Court upon a Report and Recommendation ("Report") of United States Magistrate Judge Ronald L. Ellis, which was filed on April 7, 2011. Defendant APF Fire Protection, Inc. ("APF") filed a timely Objection pursuant to 28 U.S.C. § 636(b)(1)(C) on April 20, 2011. Plaintiff Phoenix Insurance Company ("Plaintiff") filed an Opposition to Defendant APF's objections on May 11, 2011.

     A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party files written objections to the report and

1

recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*

Plaintiff is the first-party property insurer for Dental Design Studio, Inc. ("Dental Design"), which operates a dental practice at 46 Fox Street, Suite 3, in Poughkeepsie, New York. Dental Design leases these premises from Defendant Denjam, LLC ("Denjam"), which contracted with APF to design and install a sprinkler system in the building. On December 15, 2005, the sprinkler system malfunctioned and discharged, causing substantial water damage to the office suite leased by Dental Design and insured by Plaintiff. Plaintiff's Complaint raised claims of negligence, breach of contract, and strict products liability against all Defendants.

In the matter referred to Judge Ellis, APF moved for summary judgment on Plaintiff's negligence claims, arguing that they were time-barred. Judge Ellis granted the motion, dismissing Plaintiff's claims of negligent design, testing, and installation. Even though the court granted APF the relief that it sought, APF now objects that Judge Ellis should also have dismissed Plaintiff's contract claim, arguing that there was no contract between APF and Dental Design governing the work that Plaintiff alleges caused the malfunction of the sprinkler system.

Defendant APF is mistaken. First, APF's arguments were not properly before Judge Ellis. The "general rule set forth in the case law" holds that "it is improper practice to raise arguments in the first instance in a reply brief." *Ocean Partners, LLC v. North River Ins. Co.*, 546 F. Supp. 2d 101, 106 (S.D.N.Y. 2008). Here, APF waited until its reply brief to claim that "there are no breach of contract claims asserted against APF for the installation." Def. Reply Mem. Supp. Mot. S.J. 3. This is not a statement of fact; Plaintiff alleged its breach of contract claim against all Defendants, including APF. Compl. ¶¶ 20–22. Instead, APF's contention is a new legal argument maintaining that Plaintiff has no *valid* contract claim against APF.

2

APF made this argument in response to Plaintiff's contention that both its tort and contract claims were governed by New York's six-year limitations period for contract claims. Pl. Mem. Opp'n Mot. S.J. 2. Nevertheless, the issue of the existence of a contractual relationship—as opposed to the applicability of the statutory limitations periods for tort and contract claims—was not raised before APF submitted its reply brief. Moreover, in that brief APF conceded that it did not originally move for summary judgment on the contract claims: "APF argued that it is only entitled to dismissal of the claims for *negligent* design, testing and/or installation of the sprinkler system as barred by the statute of limitations." Def. Reply Mem. Supp. Mot. S.J. 2–3 (emphasis in original). In short, APF attempted to expand the scope of its summary judgment motion at the eleventh hour, despite the "general rule" that "courts will not consider arguments raised for the first time in a reply brief." *Estate of Ungar v. Palestinian Auth.*, 451 F. Supp. 2d 607, 611 (S.D.N.Y. 2006).

Second, as Judge Ellis concluded, whether APF had a contractual relationship with Dental Design is a contested issue of issue material fact inappropriate for resolution on a summary judgment motion. In litigating the motion, the parties did not submit any contracts or leases signed by Dental Design, and offered little evidence or argument on this question. APF presented an invoice it submitted in September 2005 to JMD Construction, not a party to this action and associated with Defendant Denjam, for the work performed in Dental Design's suite. Katz Decl. Ex. F. APF points out that the contract did not name Dental Design, and argues that Plaintiff made no attempt to rebut this evidentiary showing that no contract existed between them. However, Plaintiff had no opportunity for such rebuttal on the summary judgment motion, since APF waited until its reply brief to argue that it had no contract with Dental Design.

Plaintiff now contends that Dental Design was an intended third-party beneficiary of the contract between APF and JMD Construction. The September 2005 invoice offered by APF names "R. Whelan," a reference to the principal of Dental Design. *Id.* Under New York law, "[i]n determining third party beneficiary status it is permissible for the court to look at the surrounding circumstances as well as the agreement . . . Moreover, it is well-settled that the obligation to perform to the third party beneficiary need not be expressly stated in the contract." *Trans-Orient Marine Corp. v. Star Trading & Marine, Inc.*, 925 F.2d 566, 573 (2d Cir. 1991) (internal citations omitted). Neither party has offered evidence or arguments on the circumstances surrounding a possible claim of third-party beneficiary status. For these reasons, the existence of a contractual relationship between Dental Design and APF remains a contested issue of material fact.

To conclude, this Court has reviewed the Report *de novo* in light of Defendant APF's objections and Plaintiff's opposition to these objections, and found no clear error in the Report on the face of the record. Accordingly, it is hereby ordered that Judge Ellis' report is approved, adopted, and ratified by the Court in its entirety. Defendant APF's Motion for Summary Judgment on Plaintiff's claims for negligent design, testing, and installation is granted, and those claims are dismissed. Summary judgment on Plaintiff's contract claim is denied.

SO ORDERED.

Dated: July 13, 2011
New York, NY

_____
U.S.D.J.